*NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| TAMMI KUBIN and STEVEN A. KUBIN, ) | Civil Action No.: 10-1643 (FLW) |
| Plaintiffs, ) | **OPINION** |
| v. ) |   |
| ORANGE LAKE COUNTRY CLUB, INC., ) et al., ) |   |
| Defendants. ) |   |

**WOLFSON, District Judge:**

Before this Court is Defendant's motion to dismiss this action for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), or alternatively, to transfer this matter to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1631 and/or 1406(a).  Plaintiffs Tammi Kubin and Steven A. Kubin (collectively, "Plaintiffs") allege that in April of 2008, upon visiting the resort of defendant Orange Lake Country Club, Inc. ("OLCC" or "Defendant"), plaintiff Kubin sustained personal injuries on the "Hippo Waterslide" as a result of the defendant's negligence.  Plaintiffs are citizens of New Jersey. Defendant is a Florida corporation with its principal place of business in Kissimmee, Florida.

To argue that jurisdiction is proper, Plaintiffs contend that Defendant is registered to do business under the laws of New Jersey under Charter No. 0400276166. *See Certification of Robert Kantor*.  Further, Plaintiffs contend that OLCC has maintained direct contact with them in New Jersey through ten phone calls made to Plaintiffs

between May and August of 2010.  These phone calls, Plaintiffs claim, were solicitations inquiring as to whether Plaintiffs would like to purchase additional time shares and/or whether Plaintiffs would be interested in selling their current time share.  Based on Defendant's certificate of authority to do business in New Jersey and Defendant's phone calls, Plaintiffs contend that OLCC has sufficient contacts with the State of New Jersey to justify the exercise of personal jurisdiction over it.

Defendants submit that OLCC is qualified to do business in New Jersey for the sole purpose of telephone marketing.  *See Thompson's Cert. at ¶ 3*.  It has not incurred nor paid taxes in New Jersey, has no office or employees in New Jersey, does not own real estate, bank accounts, or other assets in New Jersey, is not listed in any New Jersey telephone directory, and does not advertise in New Jersey.  *See Id*.  In that regard, Defendants contend that personal jurisdiction is not proper in New Jersey.

**Personal Jurisdiction**

A federal court may assert personal jurisdiction over an out-of-state defendant to the extent authorized by the law of the state. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 436 (3d Cir. 1987). New Jersey's "long-arm" statute, *R.* 4:4-4(b)(1) (2010), provides for personal jurisdiction over nonresident corporations "to the outtermost limits provided by the United States Constitution." *Halley v. Myatt*, 2010 WL 1753110 (N.J. Super. A.D., May 3, 2010), at *4 (*citing Avdel Corporation v. Mecure,* 58 N.J. 264, 268 (1971)).  As the New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process, the amenability to suit of the nonresident defendant in this case must be evaluated by Fourteenth Amendment standards.  *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280, 284 (3d Cir.1981).  This court is constrained

only by the "traditional notions of fair play and substantial justice" inhering in the Due Process Clause of the Constitution. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

In determining whether these due process considerations permit the exercise of personal jurisdiction, the Third Circuit has distinguished between "personal jurisdiction in cases where the defendant's forum-related activities do not give rise to the claim, and personal jurisdiction in cases where the claim arises out of a specific forum-related act or series of acts." *Paolino v. Channel Home Centers,* 668 F.2d 721, 724 (3d Cir. 1981).

"General jurisdiction" is established when a defendant's contacts with the forum are "continuous and systematic," *Int'l Shoe*, 326 U.S. at 317, whether or not the defendant's forum-related activities gave rise to the underlying cause of action. *See, e.g.*, *Provident Nat'l Bank,* 819 F.2d 434. The plaintiff must show that defendant had significantly more than mere "minimum contacts" with the forum state. *Provident Nat'l Bank,* 819 F.2d at 437. The facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. v. Watson, Ess, Marshall,* 675 F.2d 587, 589 (3d Cir. 1982).

"Specific jurisdiction" is established "where the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum [and] the defendant has constitutionally sufficient 'minimum contacts' with the forum." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361 (3d. Cir. 2002). In order to establish "minimum contacts," defendant must have performed, at least, a deliberate act with the forum state relating to the cause of action. *Smith v. S&S Engineering Works, Ltd.*, 139 F.Supp.2d 610 (D.N.J. 2001) (*citing United States Golf Ass'n v. United States Amateur Golf Ass'n,* 690 F.Supp.

317, 320 (D.N.J.1988)). The inquiry into defendant's "minimum contacts" with a particular forum is meant to determine whether defendant "reasonably anticipate[d] being haled into court there." *World Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 297 (1980) (citations omitted).

Under both these standards, there must be some contact with the forum by the defendant; there must be "some act by which the Defendant purposefully avails itself of the privileges of conducting activities in the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)). The "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated' contacts." *Burger King,* 471 U.S. at 474.

## Discussion

*1. General Jurisdiction*

Plaintiffs fail to meet their burden to establish the "continuous and systematic contacts" necessary to sustain general jurisdiction over defendant OLCC. *See Int'l Shoe*, 326 U.S. at 317. Plaintiffs contend that because OLCC is "registered to do business with the State of New Jersey," the court has personal jurisdiction over it. OLCC does not dispute that it is registered in New Jersey; however, OLCC contends that it does not do business in the State and that it is registered solely for the purpose of marketing timeshares and conducting telemarketing in New Jersey. *See Thompson Cert. at ¶* 3. While it is registered to do business in New Jersey, OLCC has no property, bank or credit accounts, employees, officers, agents or records in New Jersey; nor has it incurred or paid taxes in the State.

Filing "a certificate to do business in New Jersey [is] insufficient to establish general jurisdiction, absent evidence that [defendant] was *actually* doing business in New Jersey." *Smith*, 139 F.Supp.2d at 620, n. 6 (emphasis in original) (citing *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 183 (5th Cir.1992) (qualification to do business in a state is "of no special weight" in evaluating general jurisdiction), *cert. denied,* 506 U.S. 1080 (1993); *Atkinson & Mullen Travel, Inc. v. New York Apple Tours Inc.,* 48 U.S.P.Q.2d 1377, 1379 (D.N.J. 1998) (having a license to conduct business in New Jersey is not "in and of itself sufficient to establish continuous and substantial contacts").

Nonetheless, in *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991), the Third Circuit held that a defendant's application for and receipt of authorization to do business in Pennsylvania *was* sufficient to establish personal jurisdiction over that defendant. In that case the applicable Pennsylvania statute "explicitly states that the qualification of a foreign corporation to do business is sufficient contact to serve as the basis for the assertion of personal jurisdiction." *Id.* at 640. Specifically, the statute in question, 42 Pa.Cons.Stat.Ann. § 5301 (Purdon 1990), listed "[i]ncorporation under or qualification as a foreign corporation under the laws of this Commonwealth" as one of the "relationships" that "shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Common- wealth to exercise general personal jurisdiction over such person." *Id.* However, *Bane* is easily distinguished, as the relevant New Jersey statute does not have similar language. *See* N.J.S.A. 14A:13-2 (2010).

Further, the ten phone calls Defendant made soliciting Plaintiffs to purchase more timeshares, or to sell their own timeshare, are insufficient to establish general

jurisdiction, as mere solicitation of business within a state does not in itself constitute the level of "doing business" necessary to satisfy the requirements of personal jurisdiction. *International Shoe Co.*, 326 U.S. 310. Rather, a foreign corporation is "doing business" within the state when its activities constitute "solicitation *plus*" other activities. *A. & M. Trading Corp. v. Pennsylvania R. Co.*, 13 N.J. 516, 523 (1953) (emphasis added). Thus, for example, when the essential events of a contract, such as negotiation, execution, and performance, have occurred outside the forum, finding jurisdiction over the nonresident defendant would be improper. *See Electro-Catheter Corp. v. Surgical Specialties Instrument Co., Inc.,* 587 F. Supp. 1446 (D.N.J. 1984) ("While, in isolation, telephone and mail communications may not establish a substantial connection between a nonresident and a forum, when these communications form an integral part of an ongoing business relationship, such contacts are relevant in assessing the nature and extent of defendant's conduct within a forum.") Accordingly, in *E.E. Cruz & Co., Inc. v. Alufab, Inc.*, Civil Action No. 06-262, 2006 WL 1344095, at *4 (D.N.J. May 16, 2006), "four phone calls…were not so numerous, continuous, or substantial to justify the exercise of this Court's jurisdiction." *See Baron & Co. v. Bank of N.J.,* 497 F.Supp. 534, 538 (E.D. Pa. 1980) (Pennsylvania court without jurisdiction over New Jersey defendant when defendant's sole contacts with the forum were correspondence and insignificant number of telephone calls and when the contract at issue was negotiated and executed in New Jersey, where the subject matter of the contract was located); *see also Sathianathan v. Pacific Exchange, Inc.*, 248 Fed. Appx. 345 (3d Cir. 2007) ("The only contacts the individual defendants made with the forum state in this case were a handful of telephone calls, e-mails, and letters. . . .Such minimal communication [with] the forum state,

without more, will not subject the defendant to the jurisdiction of that state's court system.") (internal citations omitted).

## 2. Specific Jurisdiction

Plaintiffs have also failed to established specific jurisdiction. The only "contacts" defendant had with New Jersey were ten telephone solicitations directed at Plaintiffs. However, the phone calls made to Plaintiffs occurred after the alleged tort. Further, the phone calls were not related to the injury; these calls were solicitations asking Plaintiffs to purchase additional timeshares. As "there must be contacts between the *transaction at issue* and the forum state, as opposed to contacts between the defendant and the forum state…to warrant the forum state's assertion of jurisdiction over the controversy," *Western Union Telegraph Co. v. T.S.I., Ltd.*, 545 F. Supp. 329 (D.N.J. 1982) (emphasis added) (citing *Empire Abrasive Equipment v. H. H. Watson, Inc.*, 567 F.2d 554, 557 (3d Cir. 1977)), Plaintiffs failed to meet their burden of establishing specific jurisdiction.

Moreover, there is no indication that Defendant performed any business transaction in New Jersey, nor is there a claim that Defendant formed a contract with Plaintiffs in New Jersey. In fact, there is no indication that Plaintiff's visit to the Defendant's resort, during which the alleged injury occurred, arose out of any action by Defendant in New Jersey; plaintiffs only allege that Defendant contacted them in New Jersey *after* the injury and regarding matters unrelated to the injury. *See Kubin Cert. at ¶ 2.* Thus, the controversy does not arise out of, or relate to, Defendant's contacts with Plaintiffs, or, more importantly, with the forum state. *See Pinker,* 292 F.3d 361.

**Conclusion**

Defendant does not have the continuing and systematic contacts with New Jersey that are necessary to establish general jurisdiction. Nor has defendant "purposefully availed" itself of the privileges of conducting business in New Jersey by merely registering to do business in the state. Likewise, defendant's ten phone solicitations, unrelated to the underlying issue, which were made *after* the alleged tort are not enough to show that the defendant "purposefully availed" itself of the privileges of doing business in the state.

Based on the foregoing analysis, the Court holds that Plaintiffs have failed to meet their burden of establishing that this Court has personal jurisdiction over Defendant in New Jersey. However, in lieu of dismissal, the Court will transfer this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

DATE:   October 8, 2010                     /s/ Freda L. Wolfson
                                            Freda L. Wolfson, U.S.D.J.